# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHERITA BROWN, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:10-CV-00044-DGK |
| SINOBROM CHEMICALS, LLC, et. al., | ) |
|     Defendants. | ) |

## ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

This case arises out of Plaintiff Cherita Brown's workplace exposure to certain chemicals allegedly designed, manufactured, processed, tested, distributed, and sold by Defendants. Now before the Court is Plaintiff's Motion to Voluntarily Dismiss Cause of Action Without Prejudice (doc. 64) brought pursuant to Rule 41(a)(2). Plaintiff seeks to dismiss this case and pursue a substantially similar lawsuit in Illinois state court. Defendant Tech Chem, Ltd., opposes the motion, arguing it has already expended time and resources defending the case in this forum.

The decision to allow a voluntary dismissal pursuant to Rule 41(a)(2) rests in the sound discretion of the trial court. *Hamm v. Rhone-Poulenc Rohrer Pharmaceuticals*, 187 F.3d 941, 950-51 (8th Cir. 1999). In exercising this discretion a district court considers a number of factors, including whether the plaintiff has presented a proper explanation for the dismissal, whether a dismissal would result in a waste of time and judicial effort, and whether a dismissal would prejudice the defendant. *Id.* at 950. "A party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id*.

These factors weigh in favor of denying the motion. Although dismissal would not particularly prejudice the defendants because relatively little discovery has occurred, it would

result in some waste of time and judicial effort because this case has been before this Court since January 2010. Plaintiff's proffered reason for dismissal—that there are newly found defendants in Illinois—is plausible, but not persuasive. The Court notes it previously denied Plaintiff's motion to remand because the Sigma defendants had been fraudulently joined, and in her reply brief Plaintiff essentially admits that for strategic reasons she would rather not litigate this case in federal court. The Court concludes the pending motion is essentially an attempt to seek what Plaintiff perceives to be a more favorable forum. Accordingly, the Motion must be DENIED.

**IT IS SO ORDERED.**

Date:  February 14, 2011                                        /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT